1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   DAMARIS M. DIAZ (Cal. Bar No. 277524)
4  WILLIAM ROLLINS (Cal. Bar No. 287007)
   Assistant United States Attorney
5  General Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-0302/7407
        Facsimile: (213) 894-0141
8       E-mail:    damaris.diaz@usdoj.gov
                   william.rollins@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                    UNITED STATES DISTRICT COURT

12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,         No. CR 16-320-RGK

14        Plaintiff,                 GOVERNMENT'S OPPOSITION TO
                                     DEFENDANT'S PROFERRED POST-ARREST
15             v.                    STATEMENTS; MEMORANDUM OF POINTS
                                     AND AUTHORITIES
16 WASHINGTON BRYAN II,
                                     Trial Date:  November 15, 2016
17        Defendant.                 Trial Time:  8:00 a.m.
                                     Location:    Courtroom of the
18                                                Hon. R. Gary
                                                 Klausner
19

20        Plaintiff United States of America, by and through its counsel

21 of record, hereby opposes the introduction *by defendant* of his own

22 post-arrest statements on the grounds that the statements are

23 inadmissible, self-serving hearsay and not admissible under the Rule

24 of Completeness.  The government's opposition is based on the

25 ///

26 ///

27 ///

28

1    attached memorandum of points and authorities, the trial record, and

2    such other argument or information as the Court may consider.

3     Dated: November 16, 2016          Respectfully submitted,

4                                        EILEEN M. DECKER
                                         United States Attorney
5
                                         LAWRENCE S. MIDDLETON
6                                        Assistant United States Attorney
                                         Chief, Criminal Division
7

8                                        _____/s/_____
                                         DAMARIS M. DIAZ
9                                        WILLIAM ROLLINS
                                         Assistant United States Attorneys
10
                                         Attorneys for Plaintiff
11                                       UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    FACTS**

3         During its case-in-chief, the government introduced into

4    evidence, and the Court received, excerpts of defendant's video-

5    recorded, post-arrest interview.  The running time for the excerpts

6    was approximately one minute, thirty seconds of the over two-hour

7    interview.  The parties have now rested, subject to defendant's

8    attempt to end-around his Fifth Amendment privilege against self-

9    incrimination by introducing approximately twenty minutes of excerpts

10   that do nothing to help the jury understand the *de minimus* excerpts

11   played by the government.

12   **II.    DEFENDANT'S EXCERPTS ARE INADMISSIBLE**

13        If introduced by the government, defendant's video-recorded

14   statements are not hearsay, but rather party admissions admissible

15   under Rule 801(d)(2)(A).  Further, law enforcement statements

16   admitted for context and not for the truth are also not hearsay.  See

17   United States v. Whitman, 771 F.2d 1348, 1352 (9th Cir. 1985).

18   Additionally, the admission of non-hearsay statements generally does

19   not violate the Confrontation Clause.  See Tennessee v. Street, 471

20   U.S. 409, 414 (1985).  The Court may, however, give a limiting

21   instruction prior to the playing of recordings instructing the jury

22   that an agent's statements are not offered for the truth but for

23   context.  See Whitman, 771 F.2d at 1352.

24        While *the government may* present evidence regarding defendant's

25   statements, a defendant is *not* entitled to elicit his own prior

26   statements from government witnesses under Federal Rule of Evidence

27   801(d)(2)(A).  See United States v. Collicott, 92 F.3d 973, 983 (9th

28   Cir. 1996) (holding that Fed. R. Evid. 106 does not compel admission

1  of otherwise inadmissible hearsay evidence); <u>United States v. Ortega</u>,

2  203 F.3d 675, 682 (9th Cir. 2000) (non-self-inculpatory statements,

3  even if made contemporaneously with other self-inculpatory

4  statements, are inadmissible hearsay); <u>United States v. Lopez-</u>

5  <u>Figueroa</u>, 316 Fed. Appx. 548, 550 (9th Cir. 2008) (defendant could

6  not introduce own statements redacted from confession by government).

7       Further, the "rule of completeness" set forth in Federal Rule of

8  Evidence 106 is applicable where one party seeks to introduce a

9  misleadingly tailored snippet of a statement that creates a

10 misleading impression by being taken out of context.  Fed. R. Evid.

11 106.  It is proper, however, to admit segments of a statement without

12 including everything, and adverse parties are not entitled to offer

13 additional statements just because they are there and the proponent

14 has not offered them.  <u>Collicott</u>, 92 F.3d at 983.  Rule 106 does not

15 render admissible evidence that is otherwise inadmissible under the

16 hearsay rules.  <u>Id.</u>

17      Each of defendant's proffered excerpts is inadmissible hearsay,

18 and none of the excerpts meets the very strict and limited

19 requirements of the Rule of Completeness.  Plainly, defendant's

20 excerpts are designed to give defendant the opportunity to freely

21 testify without being subject to cross-examination.

22 **III. CONCLUSION**

23      The government requests that the trial record should stand

24 ///

25 ///

26 ///

27 ///

28

1  without defendant introducing any further excerpts of his recorded

2  statement.

3

4  Dated: November 16, 2016          Respectfully submitted,

5                                    EILEEN M. DECKER
                                     United States Attorney
6
                                     LAWRENCE S. MIDDLETON
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9            /s/
                                     _____
                                     DAMARIS M. DIAZ
10                                   WILLIAM ROLLINS
                                     Assistant United States Attorneys
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     3